UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Crim. No.: 6:13-CR-20-GFVT-HAI-26 |
| V. ) | |
| ) | |
| JASON WADE TAYLOR, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition ("R&R") of United States Magistrate Judge Hanly A. Ingram. [R. 1115.] Defendant Jason Wade Taylor was charged with violating his supervised release in a Supervised Release Violation Report dated May 5, 2017 and a subsequent addendum issued May 26, 2017. [I*d*. at 1.]

Defendant's supervised release term began on July 27, 2016, and this is the first time he has violated. [*Id*.] He is charged with five violations. Defendant's violations all stem from various illegal behavior around drugs. [*See id*. at 3.] Violation One is for associating with a person engaged in criminal activity; Violations Two are Three are for committing another federal, state, or local crime; Violation Four is for Defendant not notifying his probation officer after he arrested and questioned by law enforcement; and Violation Five from the Report addendum is for committing another federal, state, or local crime.

At a hearing on June 20, 2017, the parties agreed to the Defendant stipulated to the Violations One, Two, Four, and Five. [*Id*. at 4.] The parties did not agree to the sentence to be

imposed. [R. 1115 at 5.]

Upon evaluation of the entire record, Magistrate Judge Ingram issued an R&R recommending dismissing Violation Three at the motion of the United States; revocation and reincarceration for a term of eighteen (18) months; and supervised release with the same conditions previously imposed to follow imprisonment for three (3) years from the date of release. [*Id.* at 10.] Defendant has not waived his right to allocution, but has not objected to the R&R.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's recommended disposition are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Magistrate's Recommended Disposition [**R. 1115**] as to Jason Wade Taylor is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Taylor is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office and the Recommended Disposition of the Magistrate Judge;

3. Mr. Taylor's Supervised Release is **REVOKED**;

4. Mr. Taylor is hereby sentenced to a term of incarceration of **eighteen (18) months**;

5. Mr. Taylor will be under Supervised Release for **three (3) years** from the date of release under the same conditions previously imposed;

6. Violation Three is **DISMISSED**; and

7. Upon release from custody, USPO will evaluate Defendant for drug abuse treatment in its discretion.

This the 6th day of July, 2017.

Gregory F. Van Tatenhove
United States District Judge