UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:13-cr-00020-GFVT-HAI-26 |
| ) | |
| v. ) | |
| ) | |
| JASON WADE TAYLOR, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram [R. 1468.] Defendant Jason Taylor has been charged with six violations of his supervised release. On June 3, 2014, Mr. Taylor was sentenced to fifty-one months imprisonment, to be followed by three years of supervised release, after pleading guilty to conspiracy to manufacture 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. [R. 632.]

In September 2017, Mr. Taylor's supervised release was revoked, and he was sentenced eighteen months of imprisonment, to be followed by three years of supervised release, after committing multiple violations of the terms of his release. [R. 1143.] In July 2019, Mr. Taylor's supervised release was revoked once more due to his use and possession of methamphetamine. [R. 1284.] Consequently, his supervised release was revoked, and he was sentenced to twenty-one months of imprisonment, to be followed by one year of supervised release. *Id.* at 2-3. Now, stemming from multiple alleged violations which occurred during the month of July 2021, Mr. Taylor has been charged with violating six terms of his supervised release. [R. 1468 at 2-4.] First, Mr. Taylor is charged with committing a Grade C violation for operating a motor vehicle

under the influence of alcohol.  *Id.* at 2.  Second, Mr. Taylor is charged with committing a Grade C violation for failing to report to his probation officer as instructed.  *Id.*  Third, Mr. Taylor is charged with a Grade C violation for operating his motor vehicle under the influence of alcohol a second time.  *Id.*  Fourth, Fifth, and Sixth, Mr. Taylor is charged with committing Grade B and C violations for being a felon in possession of a firearm, for possessing methamphetamine[1], and for leaving the federal district where he was authorized to reside without receiving permission to do so from his probation officer.  *Id.* at 3-4.  On July 30, 2021, Mr. Taylor appeared before Judge Ingram for his initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 1460.]  During the hearing, the United States made an oral motion for interim detention.  [R. 1468 at 4.]  Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Taylor to the custody of the United States Marshal.  *Id.*  On August 13, Mr. Taylor appeared before Judge Ingram for his final revocation hearing.  [R. 1467.]  There, Mr. Taylor stipulated to having committed Violations #3, #4, and #5.  *Id.* at 5.  The Magistrate Judge found Mr. Taylor to have made a "knowingly, voluntary[y], and intelligen[t]" stipulation.  *Id.*  In response, the United States made an oral motion to dismiss all of Mr. Taylor's violations aside from Violation #4.

At the final hearing, the parties disagreed about the appropriate sentence for Mr. Taylor's violation.  [R. 1468 at 5-6.]  While the Government recommended twenty-four months of imprisonment, the defense sought twenty-one months of imprisonment.  *Id.* at 5.  However, both parties agreed that no additional term of supervised release is needed, because "supervision has proven unsuccessful in deterring [Mr. Taylor] from further criminal conduct."  *Id.* at 6.  The Government "concluded that there are no additional resources that the USPO should expend on

---

[1] Because use of an illegal substance equals possession and Mr. Taylor has a prior drug conviction, his use of methamphetamine constitutes a violation of 21 U.S.C. § 844(a).

[Mr. Taylor] in light of his refusal to take advantage of them." *Id.*  The defense requested that Mr. Taylor be place in a halfway house "prior to being released from BOP custody to create a stable foundation and transition for his release." *Id.*  After hearing both arguments, Judge Ingram evaluated the entire record and considered all of the Section 3553 factors imported into the Section 3583(e) analysis, as well as the Guidelines Range.  Ultimately, Judge Ingram recommended a sentence of twenty-four months of imprisonment, to be followed by no additional term of supervised release, and declined to permit Mr. Taylor to reside at a halfway house upon release.  *Id.* at 10.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 16; *see* 28 U.S.C. § 636(b)(1).  Mr. Taylor has not filed any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on August 30, 2021.  [R. 1471.]  Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

3

1. The Report and Recommendation [R. 1468] as to Defendant Jason Taylor is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Taylor is adjudged **GUILTY** of Violation #4;

3. The Government's motion to dismiss Violation #1, #2, #3, #5, and #6 is **GRANTED**;

4. Mr. Taylor's supervised release is **REVOKED** and he is **SENTENCED** to a term of imprisonment of twenty-four months with no term of supervised release to follow;

5. Judgment shall enter promptly.

This the 3d day of September, 2021.

Gregory F. Van Tatenhove
United States District Judge